UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-274-GWU

LISA FLEMING, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Lisa Fleming brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

>   Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

08-274 Lisa Fleming

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

3

08-274 Lisa Fleming

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.

4

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having

08-274 Lisa Fleming

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

08-274 Lisa Fleming

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fleming, a 41-year-old former fast food cook, sales clerk, production worker and hotel clerk with a high school education, suffered from impairments related to osteoarthritis of the right knee, chronic pulmonary obstructive disease, and multi-level degenerative disc disease. (Tr. 15, 18). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 16, 18). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 18-19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating Fleming's physical condition. However, the current record also does not mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion to the extent that it seeks a remand of the action for further consideration and deny that of the defendant.

The residual functional capacity found by the ALJ included an exertional limitation to light level work restricted from a full range by an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally stoop or crawl, a

need to avoid exposure to vibrating machinery or pulmonary irritants, the need for a sit/stand option and a restriction to walking only on level ground. (Tr. 16). These restrictions were presented to a vocational expert who testified that a significant number of jobs could still be performed. (Tr. 528-530).

Dr. Karen Saylor, a treating physician at the Rockcastle Clinic, completed a Physical Capacities Evaluation Form stating that Fleming was disabled. (Tr. 296). The ALJ rejected this opinion as binding because the federal regulations at 20 C.F.R. § 416.927(e)(1) reserved the issue of determining disabled status to the Commissioner. (Tr. 18). This finding is appropriate.

Dr. Saylor also indicated on the assessment form that Fleming would be restricted to performing less than a full range of light level work. (Tr. 296). The limitations included an inability to sit for more than two hours a day, stand for more than two hours a day or walk for more than one hour a day and an inability to more than occasionally bend or reach above shoulder level. (Id.). The ALJ did not address why these specific physical restrictions identified by Dr. Saylor were not entitled to superior weight. The ALJ only noted that the doctor had found the claimant capable of performing a range of light level work. (Tr. 18). However, the severe limitations on total standing, walking and sitting are very significant. Based on the findings of the treating source, these activities could only be performed for five hours a day and would preclude at least full-time employment.

Dr. Saylor related her limitations to low back pain, degenerative disc disease, and osteoarthritis. (Tr. 296). An MRI scan of Fleming's lumbar spine made at the request of Dr. Saylor revealed facet joint narrowing on the right at L5-S1, bilaterally at L4-L5, and on the right at L3-L4 as well as bulging discs at L4-L5 and L5-S1. (Tr. 242). An MRI scan of the right knee obtained by the physician revealed chronic advanced multi-focal femoral condyle and medial meniscal degenerative changes, moderate effusion, mild chondromalacia patella, and a chronic tear of the posterior horn of the medial meniscus. (Tr. 245). Thus, at least some objective evidence supports Dr. Saylor's findings.

The administrative regulations state that an ALJ must provide "good reasons" for discounting the opinion of a treating physician. 20 C.F.R. § 416.927(d)(2). The agency's failure to follow its own procedural regulations can constitute reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). In the present action at least some objective evidence supports the limitations and the ALJ never addressed the specific restrictions. Therefore, the undersigned finds that this failure was reversible error.

In determining Fleming's residual functional capacity, the ALJ relied upon the opinion of Dr. Parandhamulu Saranga, a non-examining medical reviewer. (Tr. 17). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Social Security Ruling 96-6p

08-274  Lisa Fleming

indicates that when the examiner is also a treating physician, the non-examiner must review a complete record containing a medical report from a specialist which provides more detailed and comprehensive information than that which was available to the treating doctor.  In the present action, Dr. Saranga saw the record in April of 2006.  (Tr. 292).  Thus, the reviewer had no opportunity to see and comment upon Dr. Saylor's February, 2007 assessment form (Tr. 296) or the treatment notes from the Rockcastle Clinic in Exhibit 9f which contain information dated through January, 2007 (Tr. 224-269).  Therefore, reliance upon Dr. Saranga was also erroneous.

After review of the evidence presented, the undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of July, 2009.



Signed By:
G. Wix Unthank
United States Senior Judge